Robert FRANCIS et al.

v.

HARTFORD TRANSPORTATION CO., Inc.

Civ. A. No. 54–812.

United States District Court
D. Massachusetts.

July 5, 1955.

Thomas L. Goggin, Springfield, Mass., for plaintiff.

Arthur M. Marshall, Springfield, Mass., for defendant.

FORD, District Judge.

This is an action for damages, injunctive relief and specific performance based on a contract between defendant, an interstate trucking concern, and a labor union of which plaintiffs, all former employees of defendant, are members. Defendant moves to dismiss for failure to state a claim on which relief can be granted, and for plaintiffs' failure to resort to the arbitration provisions of the contract. Affidavits having been filed as to certain factual matters involved, the motion is treated also as one for summary judgment, Rule 12 (b), Fed.Rules Civ.Proc. 28 U.S.C.A.

The complaint alleges that the defendant has breached the contract by closing its terminal at Holyoke, Massachusetts, at the same time offering to persons then working there, including plain-

858

tiffs, employment at its terminal in Newington, Connecticut. This states no violation of the contract. Nothing in the contract requires defendant to remain in business at all or to continue to carry on its business at any particular place. Of the provisions of the contract allegedly violated, Article IV(b), prohibiting dead-heading at less than normal pay, and Article V(f) covering working schedules, have no relevance to this issue. Article IV(c) provides: "Any conditions now in effect in any area which are not touched on in this agreement shall not be altered to the detriment of the employees involved." Clearly this does not appear to forbid defendant to close its terminal. If there were any doubt as to this it would be resolved by the memorandum attached to the affidavit of Michael L. Adley, in which the understanding of the parties as to the scope of Article IV(c) is clearly set forth.

The complaint further alleges that the closing of the Holyoke terminal by defendant was only a purported closing, that the defendant is still carrying on business in the Holyoke area, and by notifying plaintiffs that their employment was terminated unless they accepted employment at the Newington terminal, it has refused to employ them in accordance with the terms of the contract. These allegations state a claim on which plaintiffs are entitled to go to trial, and the motion to dismiss should be denied.

As to the truth of the charge that defendant is still carrying on its Holyoke business, the parties are in sharp disagreement. Similarly on the arbitration issue, while defendant alleges that plaintiffs have failed to invoke the arbitration provision before bringing this action, plaintiffs contend that their union business agent asked defendant to submit the matter to arbitration and defendant refused to do so. In view of these disputes as to matters of material facts, the case is not one for summary judgment.

Defendant further urges that the alleged acts of defendant on which plaintiffs rely constitute an unfair labor practice falling within the exclusive jurisdiction of the National Labor Relations Board. The complaint, however, is phrased solely in terms of breach of contract. In view of the disputed state of the facts, it cannot now be decided that what plaintiffs may prove at the trial will be solely an unfair labor practice. To pass on this ground for dismissal at this stage of the case would be premature.

Defendant's motion to dismiss is denied.